# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DEAN A. OHLENDORF,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br>Co-Trustee of the Allen L. Grauer<br>Trust Dated July 24, 1985; JULIE M.<br>GRAUER, Co-Trustee of the Allen L.<br>Grauer Trust Dated July 24, 1985;<br>GREGORY F. GRAUER; ROBYN<br>GRAUER; VALERIE G. CAIRNS;<br>and DOUGLAS CAIRNS;<br><br>    Defendants. | No. C09-4028-PAZ<br><br>**ORDER** |

_____

On April 24, 2009, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging the plaintiff has failed to state a claim upon which relief can be granted. Doc. No. 11. The plaintiff resisted the motion, Doc. No. 15, and the defendants filed a reply brief, Doc. No. 17. On July 28, 2009, with the consent of the parties, Judge Donald E. O'Brien transferred the case to the undersigned magistrate judge, Doc. No. 27, who now exercises jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

This case was commenced by the filing of a petition in the Iowa District Court for Cherokee County, but was removed to this court by the defendants. *See* Doc. No. 1. In the petition, the plaintiff Dean A. Ohlendorf alleges the defendants "together own" certain real estate in Cherokee County, Iowa. *See* Petition, Doc. No. 2-3, ¶ 2. Ohlendorf alleges that on November 3, 2007, he entered into an agreement to purchase the real estate. *Id.*, ¶ 3. He attached a copy of the purchase contract to his petition. *Id.*, pp. 6-11. The contract is signed by Ohlendorf as the buyer and by the defendants Julie M. Grauer,

Gregory F. Grauer, Robyn Grauer, Valerie G. Cairns, and Douglas Cairns as "Sellers." *Id., p.* 11. On the signature page, two signatures are missing. There is no signature on the line above the typed words "Wells Fargo Bank, N.A., Co-Trustee of the Allen L. Grauer Trust," and although Julie Grauer signed her name on the line above her typed name, she did not sign on the line above the typed words "Julie M. Grauer, Co-Trustee of the Allen L. Grauer Trust." *Id.*

Ohlendorf also attached to the petition a copy of a letter dated December 7, 2007, from Wells Fargo Bank to the beneficiaries of the trust. In the letter, the bank acknowledged receipt of the contract along with a request for the bank's signature on the contract. The bank lists numerous "concerns/hurdles" to the sale of the real estate, although the bank stated it "agrees with selling the land," but notes that the "difficult" problems with the proposed transaction are "not going to go away on their own." The bank concludes the letter by offering to help resolve these problems. In his petition, Ohlendorf asks for specific performance of the contract, together with other relief.

In their motion to dismiss, the defendants argue that under Iowa law, any action on behalf of a trust requires agreement of a majority of the co-trustees unless the trust document provides otherwise. *See* Iowa Code § 633A.4103(1).[1] They note the contract has signature lines for the co-trustees of the trust, so obviously the plaintiff knew that the trust was governed by two co-trustees. They point out that the bank did not sign the contract at all, and Julie Grauer, the other co-trustee, only signed the contract individually, and not as a co-trustee. They argue the signatures of both co-trustees are required, and because neither signed the contract, it is not enforceable.

Ohlendorf responds that under Federal Rule of Civil Procedure 8, a pleading stating a claim for relief only must contain "a short and plain statement of the claim showing that

---

[1] Unless the terms of the trust provide otherwise, . . . [a] power held by cotrustees may be exercised by majority action. Iowa Code § 633A.4103(1).

2

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). He contends that because he has alleged both trustees assented to the contract, that should be the end of the inquiry. Furthermore, he takes issue with the defendants' argument that both trustees necessarily must assent before the trust can transfer its interest in real property, arguing (without citation to any authority) that Iowa Code § 633A.4103 governs "only the internal authority of trustees, not the authority of the trustees in their dealings with third parties." Doc. No. 15-2 at 2. He also argues the trust document, which is not before the court, might contain terms that would validate the contract. For example, it could provide that the signature of one of the co-trustees is sufficient to bind the trust, or the beneficiaries have the power to transfer trust property without the consent of the trustees. Finally, he argues both of the co-trustees in fact agreed to the contract: Julie Grauer, by signing the contract, albeit not on the proper line; and the bank, by signing the letter attached to the petition.

In ruling on the motion to dismiss, the court will consider the petition together with the attached exhibits. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) (the court may consider documents incorporated into the complaint by reference and matters of which a court may take judicial notice). The real estate contract and the letter from the bank are attached to the petition, so they will be considered by the court. However, in several respects, the exhibits conflict with the allegations in the petition. When an exhibit attached to a complaint conflicts with allegations in the complaint, the exhibit typically controls. *See Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006).

A pleading stating a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, as the United States Supreme Court recently held in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (May 18, 2009), although the "short and plain statement" requirement "does not require 'detailed factual allegations,' . . . it demands

3

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007), in turn citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ("on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'")). The *Ashcroft* Court noted, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955).

The court questions whether Ohlendorf has set out a viable claim in his complaint. Iowa law requires that all owners of real property must sign a contract to sell before the contract can be specifically enforced. *Jasperson v. Bohnert*, 243 Iowa 1275, 1277-78, 55 N.W.2d 177, 178-79 (1952). Here, there is no dispute that the bank, as co-trustee of the trust, did not sign the contract. The court does not see how the letter from the bank would satisfy this requirement, particularly when the very purpose of the letter was to communicate that there were several difficult issues that would have to be resolved before the transaction could go forward. *See Harper v. Ford*, 179 N.W.2d 772, 774-775 (Iowa 1970) (finding no contract under similar facts). Ohlendorf takes one statement from the letter, that the bank "agrees with the selling of the land," completely out of context to argue that the bank "assented" to the sale. This would seem to be insufficient to establish the bank's assent to the contract. *See Caylor-Campbell Farm Trust ex rel. Campbell v.*

4

*Howe*, 720 N.W.2d 195 (Table), 2006 WL 1628358 (Iowa Ct. App. 2006) (vendees under real estate contract could not rely on letter written by one of two trustees to certify that the other trustee approved of the sale of trust property via the real estate contract).

Nevertheless, the court must deny the motion to dismiss. On the present state of the record, the plaintiff states a claim that marginally is "plausible on its face," *Ashcroft*, or at least has raised questions that must be developed further before a final determination can be made as to the validity of the plaintiff's claims. The most serious questions arise from the fact that the trust document is not part of the record. This document might provide that only one trustee is required to bind the trust, or the beneficiaries of the trust have the power to direct the trustees to sell trust property. The trust document might even provide that the beneficiaries can sell trust property without the assent of the trustees. Alternatively, the plaintiff may be able to produce testimony that all of the parties to the contract considered themselves bound to the sales contract. *See Jasperson*, 243 Iowa at 1277-78, 55 N.W.2d at 178-79.

Because the plaintiff's claims are, at least marginally, plausible, the motion to dismiss is **denied**. The factual record will have to be developed further before the court can consider a summary disposition of this case.

**IT IS SO ORDERED.**

**DATED** this 11th day of August, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT